# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| JASON C. ODOM ) | |
| ) | |
| ) | Case No. 14-20553 |
| ) | |
| Debtor. ) | |
| ) | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

**To**: Pierce & Associates, 1 North Dearborn, Suite 1300, Chicago, IL 60602 (via Certified U.S. Mail)
PennyMac Holdings, LLC, 3043 Townsgate Road, Suite 310, Westlake Village, CA 91361 (via Certified U.S. Mail)
PennyMac Holdings, LLC c/o registered agent CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604 (via Certified U.S. Mail)
Catherine L. Steege, Chapter 13 Trustee (via ECF)

**PLEASE TAKE NOTICE** that on April 20, 2021, at 01:00 PM, I will appear before the Honorable Jacqueline P. Cox, or any Judge sitting in her place, and present **DEBTOR'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS FOR VIOLATIONS OF THE DISCHARGE INJUNCTION**, a copy of which is attached.

**This Motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. (2) Enter the meeting ID 1612732896. (3) Enter the passcode 778135.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 1612732896. (3) Enter passcode 778135.

**When prompted identify yourself by stating your full name.**

**To reach Judge Cox's web page go to** www.ilnb.uscourts.gov **and click on the tab for Judges.**

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without hearing.

JASON C. ODOM

By: *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Debtor*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 250
Lombard, IL 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com

## CERTIFICATE OF SERVICE

I, Mohammed O. Badwan, certify/declare under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on this notice at the address shown and by the method indicated on the notice on April 6, 2021, at 11:00 a.m.

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| JASON C. ODOM ) | |
| ) | |
| ) | Case No. 14-20553 |
| ) | |
| Debtor. ) | |
| ) | Honorable Jacqueline P. Cox |

### DEBTOR'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS FOR VIOLATIONS OF THE DISCHARGE INJUNCTION

**NOW COMES** Debtor, JASON C. ODOM ("Debtor"), by and through his undersigned counsel, and pursuant to 11 U.S.C. §524, 11 U.S.C. §105, Fed. R. Bankr. P. 9020, and Fed. R. Bankr. P. 9014, bringing the instant Motion for Civil Contempt and Sanctions for Violations of the Discharge Injunction against PENNYMAC HOLDINGS, LLC and PIERCE & ASSOCIATES (collectively, "Resopndents") as follows:

### NATURE OF THE MOTION

1. Debtor received a Chapter 7 discharge in May 2014. In March 2021, nearly seven years after his bankruptcy discharge, the Debtor discovered that PennyMac Holding, LLC, through its attorneys Pierce & Associates, attached a judgment lien on his principal residence arising from a mortgage debt that was discharged in the Debtor's 2014 bankruptcy. The judgment lien has clouded the title of the Debtor's principal residence and has frustrated the sale of Debtor's principal residence. The Debtor brings this motion to (1) compel Respondents to release the judgment lien and (2) seek redress for Respondents' willful violations of the Bankruptcy Discharge Injunction.

2. "A proceeding to enforce the discharge order and adjudicate a violation thereof falls within a bankruptcy court's core jurisdiction." *Vazquez v. Sears, Roebuck & Co.* (In re Vazquez), 221 B.R. 222, 227 (N.D. Ill. 1998).

## FACTUAL BACKGROUND

3. In March 2007, Debtor and his wife executed a mortgage ("subject mortgage") in favor of Countrywide Home Loans Servicing, LP ("Countrywide").

4. The subject mortgage secured the purchase of an investment property located at 1347 W. Ancona Street, Unit 1, Chicago, IL 60642 ("subject property").

5. The subject mortgage secured the repayment of a mortgage loan issued to Debtor to fund the purchase of the subject property ("subject loan").

6. At some point in time, PennyMac Holdings, LLC ("PennyMac Holdings") acquired the subject loan.

7. After PennyMac Holdings acquired the subject loan, PennyMac Loan Services LLC ("PennyMac Loan Services") became the servicer for the subject loan.

8. At all times relevant, PennyMac Loan Services was an agent of PennyMac Holdings.

9. On December 31, 2013, PennyMac Holdings, through its counsel, Pierce & Associates ("Pierce"), initiated mortgage foreclosure proceedings against Debtor and the subject property in the Circuit Court of Cook County, Case No. 2013-CH-28538 ("foreclosure case").

10. On May 30, 2014, Debtor filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, case No. 14-20553. [Dkt. 1].

11. On Schedule A of the Debtor's bankruptcy petition, Debtor listed his interest in the subject property. *See* Exhibit A attached hereto, a true and correct copy of Debtor's Schedule A.

12. Debtor's Schedule A also disclosed the Debtor's interest in his principal residence located at 79 Bluff Avenue, LaGrange, IL 60525 ("principal residence").

13. On Schedule D of the Debtor's bankruptcy petition, the Debtor listed the subject mortgage in favor of PennyMac Loan Services. *See* Exhibit B attached hereto, a true and correct copy of Debtor's Schedule D.

14. On June 5, 2014, the Bankruptcy Noticing Center ("BNC") served PennyMac Loan Services and Pierce with notice of Debtor's bankruptcy. *See* Exhibit C attached hereto, a true and correct copy of the BNC's Certificate of Notice.

15. On June 15, 2014, PennyMac Loan Services, through its counsel, filed a "Request for Services of Notices." [Dkt. 10]

16. On August 26, 2014, the Chapter 7 Trustee issued a no asset report. [Dkt. 15]

17. On September 16, 2014, the Bankruptcy Court issued a Discharge Order granting the Debtor a discharge pursuant to 11 U.S.C. §727 [Dkt. 16]. *See* Exhibit D attached hereto, a true and correct copy of the Discharge Order.

18. The Discharge Order, *inter alia,* extinguished Debtor's personal liability on the subject loan.

19. On September 18, 2014, the BNC served PennyMac Loan Services and Pierce with the Discharge Order [Dkt. 18]. *See* Exhibit E attached hereto, a true and correct copy of the BNC's Certificate of Notice.

20. On April 14, 2015, a Judgment of Foreclosure was entered in favor of PennyMac Holdings in the foreclosure case.

21. Unbeknownst to the Debtor, PennyMac Holdings, through Pierce, sought a personal deficiency judgment against Debtor despite the fact that the Debtor's personal liability on the subject loan was discharged in Debtor's bankruptcy.

22. On September 1, 2015, an "Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession, *Order Finding Personal Deficiency*" was entered in the foreclosure case ("Personal Deficiency Judgment"). *See* Exhibit F attached hereto, a true and correct copy of the Personal Deficiency Judgment.

23. The Personal Deficiency Judgment reflects that PennyMac Holdings, through Pierce, sought and obtained a personal deficiency judgment against the Debtor in the amount of $79,895.38. *Id.*

24. On October 2, 2015, PennyMac Holdings, through Pierce, encumbered Plaintiff's principal residence by recording the Personal Deficiency Judgment with the Cook County Recorder of Deeds. *See* Exhibit G attached hereto, a true and correct copy of the recorded Personal Deficiency Judgment.

**DAMAGES**

25. In March 2021, the Debtor was in the process of selling his principal residence when he discovered that his principal residence is encumbered by the Personal Deficiency Judgment.

26. As a result of the encumbrance, Debtor suffered significant emotional distress and anxiety as the Debtor was led to believe that his bankruptcy discharge had no legal effect and that he is personally liable for the $78,895.38 Personal Deficiency Judgment.

27. Moreover, the encumbrance frustrated the pending sale of the Debtor's principal residence. Specifically, the Debtor is currently in imminent risk of losing the buyers as a result of

the significant delays caused by the unlawful Personal Deficiency Judgment encumbering his personal residence.

28.  The Debtor will suffer irreparable harm if the unlawful Personal Deficiency Judgment is not promptly released as Debtor is facing an imminent risk of losing the buyers, which would derail the pending sale of the Debtor's principal residence.

29.  The Debtor has spent countless hours collaborating with his attorneys and real estate agent regarding the Personal Deficiency Judgment and the havoc it has caused on the pending sale of his principal residence.

30.  Debtor has been and continues to be significantly harmed by Respondents' civil contempt of the Discharge Order.

## ARGUMENT

**I.    PennyMac Holdings and Pierce Should Be Sanctioned for their Willful Violations of the Discharge Order**

31.  "The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007).

32.  "The heart of bankruptcy law is the bankruptcy discharge, affording a fresh start by relieving the debtor of liability for certain pre-petition debts." *In re Lempesis*, 557 B.R. 659, 664 (Bankr. N.D. Ill. 2016).

33.  A discharge order "operates as an injunction" against acts to collect discharged debts. 11 U.S.C. §524(a)(2).

34.  "The discharge order is a permanent injunction that provides the debtor with protection that survives the bankruptcy. This injunction is forever applicable to every debt that was discharged by the bankruptcy." *In re Lempesis*, 557 B.R. 659, 664 (Bankr. N.D. Ill. 2016).

35. "Section 105(a) of the Bankruptcy Code does provide the court with authority to enforce the discharge order." *Wiley v. Mason* (In re Wiley), 224 B.R. 58, 66 (Bankr. N.D. Ill. 1998).

36. A creditor that attempts to collect a discharged debt is "in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Del., Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

37. "A violation of the discharge injunction must be willful to warrant a finding of civil contempt and sanctions. 'Willful' requires that the creditor knows about the discharge injunction and intends to commit the acts that violate the injunction. *Daniel Goodman, LLC v. Montgomery* (In re Montgomery), 2013 U.S. Dist. LEXIS 66231, *11 (N.D. Ill. 2013).

38. "Bankruptcy courts have the authority to award remedial and compensatory damages in the form of sanctions for violations of the discharge injunction." *Romanucci & Blandin, LLC v. Lempesis*, 2017 U.S. Dist. LEXIS 71526, at *16-17 (N.D. Ill. 2017).

39. "The law is clear that punitive damages may be awarded for violations of the discharge injunction." *Saccameno v. Ocwen Loan Servicing*, 2017 U.S. Dist. LEXIS 185427, at *23 (N.D. Ill. 2017).

40. "Relevant factors that may be considered in determining whether punitive damages are appropriate for a creditor's violation of the automatic stay (and equally applicable for violations of the discharge injunction) are: (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; and (4) any provocation by the debtor." *Vazquez v. Sears, Roebuck & Co.* (In re Vazquez), 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998).

41. "A creditor and its attorney are jointly and severally liable for their violations of the discharge injunction because under general principles of agency law, an agent whose tortious conduct renders the principal liable is also liable for his own tortious acts." *Vazquez v. Sears, Roebuck & Co.* (In re Vazquez), 221 B.R. 222, 230 (N.D. Ill. 1998).

42. Here, there is no question that Respondents had actual knowledge of the Debtor's bankruptcy filing and subject discharge.

43. Specifically, PennyMac Loan Services and Pierce were both served with the notice of the bankruptcy filing and Discharge Order by the BNC. *See* Exhibits C and E.

44. Moreover, PennyMac Loan Services actively participated in the Debtor's bankruptcy by filing a Request for Services of Notices. [Dkt. 10]

45. PennyMac Loan Services' knowledge of the Debtor's bankruptcy filing and subsequent discharge is imputed on its principal PennyMac Holdings. *See Evanston Bank v. Conticommodity Servs.,* 623 F. Supp. 1014, 1034 (N.D. Ill. 1985) ("An agent's knowledge is generally imputed to his principal if it is received while he is acting within the scope of his agency and concerns a matter within the scope of his authority").

46. Despite having actual knowledge that the Debtor's personal liability on the subject loan was discharged, Respondents brazenly violated the discharge injunction by (1) seeking and obtaining a personal deficiency judgment against the Debtor in the amount of $78,895.38, and (2) encumbering the Debtor's principal residence by recording the Personal Deficiency Judgment with the Cook County Recorder of Deeds.

47. Respondents' contempt of the Discharge Order is especially egregious in light of the fact that Respondents received notice of the Debtor's bankruptcy on at least four separate occasions through the BNC.

48. As set forth above, the Debtor has suffered and continues to suffer significant damages as a result of Respondents' willful violations of the discharge injunction.

49. Punitive damages are appropriate because Respondents brazenly continued their efforts to collect the subject loan after they had *actual knowledge* of the discharge injunction.

50. The totality of circumstances demonstrates that Respondents' conduct was willful and that punitive damages are warranted.

51. Courts have repeatedly assessed punitive damages against mortgage companies for willful violations of the discharge injunction. *See e.g. In re Adams,* 2010 Bankr. LEXIS 2207, *11 (Bankr. E.D. N.C. 2010) (assessing punitive damages against a mortgage company in the amount $66,300.00 for its willful violations of the discharge injunction); *In re Perviz,* 302 B.R. 357, 374 (Bankr. N.D. Ohio 2003) (assessing punitive damages against a mortgage company for its willful violations of the discharge injunction); *In re Phillips,* 2012 Bankr. LEXIS 1042, *13 (Bankr. N.D. Ohio 2012) (assessing punitive damages against a mortgage company for its willful violations of the discharge injunction).

52. Moreover, courts in this district have also assessed punitive damages against a creditor's attorneys for willful violations of the discharge injunction. *See e.g. In re Lempesis,* 557 B.R. 659, 670 (Bankr. N.D. Ill. 2016) (assessing $50,000.00 in punitive damages against a creditor's attorneys for willful violations of the discharge injunction).

53. Based on the foregoing, the Court should award the Debtor compensatory damages and punitive damages for Respondents' callous disregard of the discharge injunction and the bankruptcy process in general. *See* 11 U.S.C. §105 (the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code).

**WHEREFORE**, pursuant to 11 U.S.C. §105, the Debtor respectfully requests the following relief:

a.  An order finding that PennyMac Holdings, LLC and Pierce & Associates willfully violated the bankruptcy discharge injunction [Dkt. 16].

b.  An order finding that PennyMac Holdings, LLC and Pierce & Associates are in civil contempt of the Discharge Order [Dkt. 16].

c.  An order compelling Respondents to promptly release the judgment lien, Doc No. 1527518101, encumbering Debtor's principal residence located at 79 Bluff Avenue, LaGrange, IL 60525.

d.  An order assessing $5,000.00 in sanctions against Respondents for each day that Respondents fail to release the judgment lien after they are served with instant motion.

e.  An order enjoining PennyMac Holdings, LLC and Pierce & Associates from further attempts to collect the subject loan.

f.  An award of compensatory damages in an amount to be determined by the Court after an evidentiary hearing.

g.  An award of punitive damages to be determined by the Court after an evidentiary hearing.

h.  An award of Debtor's reasonable attorney's fees and costs.

i.  Any further relief that the Court may deem just and proper.

Dated: April 6, 2021

Respectfully Submitted,

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Debtor*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave.
Suite 200
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com